1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Mario Denane Fultz, | No. CV-14-02293-TUC-CKJ (BGM) |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Filipe Martinez, Warden, | |
| Respondent. | |

Currently pending before the Court is Petitioner Mario Denane Fultz's *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody ("Petition") (Doc. 1). Respondent has filed his Return and Answer ("Answer") (Doc. 9). Petitioner did not file a Reply. The Petition is ripe for adjudication.

As an initial matter, Petitioner named Susan McClintock, Warden of the Federal Correctional Institution at Safford, Arizona ("FCI Safford") as the Respondent. *See* Petition (Doc. 1). The Court takes judicial notice, however, that Susan McClintock is no longer warden of FCI Safford. As such, the Court will substitute the new Warden of FCI Safford, Filipe Martinez, as Respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Safford, Arizona. *See* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited May 1, 2017). On January 10, 1994, Petitioner was sentenced in the United States District Court for the Southern District of California to two (2) concurrent sixty-three (63) month sentences for Robbery on a Government Reservation in violation of 18 U.S.C. § 2111, as well as one sixty (60) month sentence and one two hundred and forty (240) month sentence for Using and Carrying a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1). Response (Doc. 9), Huband Decl. (Exh. "A"), USDC S.D. Cal., Case No. 93-0351-IEG-CRIMINAL, Corrected Judgment Including Sentence Under the Sentencing Reform Act (Attach. "1") at 1–2. The firearm sentences were ordered to run consecutively to the Robbery sentences and each other. *Id.*, Exh. "A," Attach. "1" at 2. In addition to the term of imprisonment, the District Court ordered Petitioner to pay a $200.00 special assessment and $123,622.00 in restitution. *Id.*, Exh. "A," Attach. "1" at 1, 5. The Order specified that the restitution amount was allocated as $1,722.00 to Morale, Welfare and Recreation Department Building 1108, M.C.B. and $121,900.00 to

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

Morale, Welfare and Recreation Support Activity Headquarters U.S.M.C. (MWF-4). *Id.*, Exh. "A," Attach. "1" at 5.

Petitioner was first designated to a Bureau of Prisons ("BOP") facility on March 1, 1994. Response (Doc. 9), Huband Decl. (Exh. "A"), Inmate History (Attach. "2") at 1–2. Petitioner has been designated to six (6) BOP institutions during his incarceration. *See id.*, Exh. "A," Attach. "2" at 1–2. On March 9, 2011, Petitioner was designated to FCI Safford. *Id.*, Exh. "A," Attach. "2" at 1. During his incarceration, Petitioner has intermittently participated in the Inmate Financial Responsibility Program ("IFRP"). *See* Response (Doc. 9), Huband Decl. (Exh. "A"), Inmate Financial Responsibility—Display Inmate Financial Obligation Adjustments (Attach. "4"). Petitioner's Projected Release Date is September 17, 2019. Response (Doc. 9), Huband Decl. (Exh. "A"), Public Information—Inmate Data (Exh. "3") at 1; *see also* Fed. Bureau of Prisons ("BOP") Inmate Locater, https://www.bop.gov/inmateloc/ (last visited May 1, 2017).

On August 20, 2014, Petitioner filed his Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody. Petition (Doc. 1). Petitioner asserts two (2) grounds for relief. *Id.* First, Petitioner contends that BOP "lack[s] [the] authority to collect on a time-barred debt." Petition (Doc. 1) at 4. Petitioner further asserts that his "court imposed restitution is time-barred due to the 20 year statute of limitation [sic]" and that he is therefore "not obligated to participate in the Bureau's Inmate Financial Responsibility Program[.]" *Id.* Petitioner argues that his restitution is governed by the "predated Mandatory Victims Restitution Act ("MVRA") law, and the 1996 amendment is not retroactively applicable." *Id.* Second, Petitioner contends that

"[t]he Sentencing Court Impermissibly [sic] delegated authority to the Bureau of Prisons to set restitution [sic] repayment schedule." Petition (Doc. 1) at 5. Petitioner asserts that because the sentencing court "failed to set a scheduled order for restitution repayment . . . [t]he scheduling of payments has been erroneously delegated to the Bureau of Prisons[] and . . . [t]he Bureau of Prisons lacks authority to demand other than quarterly payments of $25.00 through the use of the IFRP." *Id.*

## II. ANALYSIS

### *A. Jurisdiction*

"Federal courts are always 'under an independent obligation to examine their own jurisdiction,' . . . and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864. Therefore, before proceeding to any other issue a court must establish whether a habeas petition is filed pursuant to § 2241 or § 2255 to determine whether jurisdiction is proper. *Id.* at 865.

Here, Petitioner does not claim that the sentencing court imposed an illegal sentence; rather, he seeks relief with respect as to how the ordered restitution is being collected while he is incarcerated at a federal facility. Thus, Petitioner is challenging the

manner, location, or condition of the execution of his sentence. When a petitioner challenges the "manner in which his sentence was executed," the action is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241." *Tucker v. Carlson*, 925 F.2d 330, 331 (9th Cir. 1991); *see also Ward v. Chavez*, 678 F.3d 1042 (9th Cir. 2012) (considering whether the district court impermissibly delegated its authority to BOP under the Mandatory Victims Restitution Act ("MVRA") under § 2241); *United States v. Lemoine*, 546 F.3d 1042 (9th Cir. 2008) (considering validity of IFRP requiring restitution payments at a greater rate than specified by the sentencing court under § 2241). Challenges brought pursuant to § 2241 must be brought in the custodial court. At the time of filing the Petition, Petitioner was incarcerated at FCI Safford in Arizona. Accordingly, this Court has jurisdiction over this matter. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990).

### *B.    Exhaustion*

The Ninth Circuit Court of Appeals has stated:

> [28 U.S.C. § 2241] does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus. [Footnote omitted.] However, we require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241.

*Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006). "The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement." *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990), *overruled on other grounds by Reno v. Koray*,

515 U.S. 50, 54–55, 115 S.Ct. 2021, 2023–24, 132 L.Ed.2d 46 (1995). "Nevertheless, '[p]rudential limits like jurisdictional limits and limits on venue, are ordinarily not optional.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (alterations in original) (quoting *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 126 S.Ct. 2422, 165 L.Ed.2d 323 (2006)).

"Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Id.* (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (citations omitted). Exhaustion may be excused if pursuing an administrative remedy would be futile. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993).

If a prisoner is unable to obtain an administrative remedy because of his failure to appeal in a timely manner, then the petitioner has procedurally defaulted his habeas corpus claim. *See Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994) (citing *Francis*, *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990); *Martinez v. Roberts*, 804 F.2d 570,

571 (9th Cir. 1986)). If a claim is procedurally defaulted, the court may require the petitioner to demonstrate cause for the procedural default and actual prejudice from the alleged constitutional violation. *See Francis*, 894 F.2d at 355 (suggesting that the cause and prejudice test is the appropriate test); *Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 2647–48, 91 L.Ed.2d 397 (1986) (cause and prejudice test applied to procedural defaults on appeal); *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 906–08 (9th Cir. 1986) (cause and prejudice test applied to *pro se* litigants).

The BOP has established an administrative remedy process permitting an inmate to seek review of an issue relating to "any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Here, Respondent has not addressed the exhaustion issue. *See* Answer (Doc. 9). Petitioner checked boxes in his Petition to indicate that he had exhausted his administrative remedies, without more. Petition (Doc. 1) at 4–5. Regardless of whether or not Petitioner actually exhausted his administrative remedies, "[b]ecause of the existence of official BOP policy—the IFRP—exhaustion would be futile here[.]" *Ward v. Chavez*, 678 F.3d 1042, 1046 (9th Cir. 2012). As such, this Court will reach the merits of Petitioner's claim.

### C. Merits of the Petition

#### 1. Restitution—Statute of Limitations

At the time of Petitioner's sentencing, the Victim and Witness Protection Act ("VWPA") governed restitution orders. *See United States v. Blackwell*, 852 F.3d 1164 (2017). The VWPA provided for "a lien in favor of the United States upon all property belonging to the person fined." 18 U.S.C. § 3613(a) (1994). Furthermore, "[t]he lien

arises at the time of the entry of the judgment and continues until the liability is satisfied, remitted, or set aside, or until it becomes unenforceable pursuant to the provision of subsection (b)." *Id.* Subsection (b) provided that "[a] lien becomes unenforceable and liability to pay a fine expires—(1) twenty years after the entry of the judgment; or (2) upon the death of the individual fined." 18 U.S.C. § 3613(b) (1994).

In 1996, Congress passed the Mandatory Victims Restitution Act of 1996 ("MVRA"), Pub. L. No. 104-132, 110 Stat. 1227, thereby amending the VWPA. The MVRA modified the VWPA's lien expiration provision, as follows: "The liability to pay a fine shall terminate the later of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined, or upon the death of the individual fined." 18 U.S.C. § 3613(b).

Here, Petitioner asserts that the twenty (20) year statute of limitations provided by the VWPA applies to his restitution lien, and as such BOP lacks the authority to collect on that debt. Petition (Doc. 1). Recently, the Ninth Circuit Court of Appeals has squarely addressed this issue. *See United States v. Blackwell*, 852 F.3d 1164 (9th Cir. 2017). "While statutes are ordinarily given only prospective effect, 'when a statute is addressed to remedies or procedures and does not otherwise alter substantive rights, it will be applied to pending cases.'" *Blackwell*, 852 F.3d at 1165 (quoting *Friel v. Cessna Aircraft Co.*, 752 F.2d 1037, 1039 (9th Cir. 1985) (per curiam) (footnote omitted)). Moreover, in general, "statutes of limitations are procedural or remedial in nature." *Blackwell*, 852 F.3d at 1165 (citations omitted). "[T]he MVRA's amendment to the termination of liability provision did not affect [Petitioner's] substantive rights." *Id.*

"The MVRA merely increased the time period over which the government could collect those fines and restitution[,]" which Petitioner already owed. *Id.* As such, to the extent Petitioner still owes restitution or fines arising from his January 10, 1994 sentence, such liability continues and BOP is within its authority to collect the debt. *See id.*

### 2. Inmate Financial Responsibility Program (IFRP)—In general

The BOP "encourages each sentenced inmate to meet his or her legitimate financial obligations" through the IFRP. *See* 28 C.F.R. § 545.10. "As part of the initial classification process, [BOP] staff will assist the inmate in developing a financial plan for meeting those obligations." *Id.* The financial plan is designed to meet the inmate's financial obligations in the following order of priority: (1) special assessment; (2) court-ordered restitution; (3) fines and court costs; (4) state or local court obligations; and (5) other federal government obligations. 28 C.F.R. § 545.11(a). Payments for the aforementioned obligations may be made from institution resources, such as prison work assignments, or from community resources. 28 C.F.R. § 545.11(b).

Through the IFRP, the BOP encourages inmates with financial obligations to participate in the voluntary program, but does not force inmates to participate. *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008); *see also* 28 C.F.R. § 545.10. The Ninth Circuit Court of Appeals has squarely addressed an inmate claims that the IFRP was "involuntary and that he only assented to the terms of his financial plan 'to avoid the adverse consequences of not agreeing.'" *Lemoine*, 546 F.3d at 1049. The *Lemoine* court held that the IFRP "does not implicate [an inmate's] constitutional rights[,]" because an inmate "ha[s] no entitlement, constitutional or otherwise, to any of the benefits agreeing

- 9 -

to participate in the IFRP would provide, such as work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level." *Id.* Accordingly, "[t]he BOP . . . ha[s] the authority to create a financial plan . . . through the IFRP and to impose penalties if [an inmate] fail[s] to accept its terms." *Id.*

### 3. Restitution—Unauthorized Delegation

As noted in Section II.C.1., *supra*, the Victim Witness Protection Act ("VWPA") was in effect at the time of Petitioner's sentencing. Under the VWPA, the court was responsible for determining "whether to order restitution . . . and the amount of such restitution[.]" 18 U.S.C. § 3664(a) (1994). The Ninth Circuit Court of Appeals recognized that the VWPA required the sentencing court to determine the amount of restitution, the identity of each victim to whom restitution was owed, and provide the defendant with an opportunity to refute the amount ordered. *United States v. Barany*, 884 F.2d 1255, 1260 (9th Cir. 1989). Furthermore, the Ninth Circuit "upheld sentencing courts' decisions to delegate the timing and manner of court-ordered restitution" under the VWPA. *Montano-Figueroa v. Crabtree*, 162 F.3d 548, 550 (9th Cir. 1998) (citing *United States v. Barany*, 884 F.2d 1255, 1259–60 (9th Cir. 1989)). Similarly, "in considering 18 U.S.C. § 3572(d), which has language similar to the Victim Act, the Ninth Circuit held the sentencing court could delegate the task of scheduling payments." *Geiger v. Federal Bureau of Prisons*, 487 F.Supp.2d 1155, 1161 (C.D. Cal. 2007) (citing *Montano-Figueroa*, 162 F.3d at 549–50)).

On April 24, 1996, the Mandatory Victims Restitution Act ("MVRA") was

enacted modifying the VWPA. In construing the language of the MVRA, the Ninth Circuit Court of Appeals held that "the district court is ultimately responsible for setting a schedule for making restitution." *United States v. Gunning (Gunning I)*, 339 F.3d 948, 949 (9th Cir. 2003) (footnote omitted). The Ninth Circuit has further held, that under the MVRA, when a sentencing court fails to "set forth a proper payment schedule in the restitution order, that order is unlawful, and the BOP therefore lacks the authority to collect restitution payments . . . through the IFRP." *Ward v. Chavez*, 678 F.3d 1042, 1051 (9th Cir. 2012).

Here, Petitioner's reliance on the MVRA is misplaced. "Applying the MVRA to crimes committed prior to the MVRA's effective date of April 24, 1996 generally violates the ex post facto clause." *United States v. Montgomery*, 384 F.3d 1050, 1064 (9th Cir. 2004) (citations omitted). Petitioner was sentenced pursuant to the VWPA, and as such, the "MVRA is not the basis for petitioner's restitution order, and *Gunning I* [and *Ward*] [are] not controlling." *Geiger*, 487 F.Supp.2d at 1160. Further, if Petitioner's contention were correct, it would require any prisoner currently incarcerated for crimes committed prior to April 24, 1996 to be resentenced so that a new restitution order could be entered. There is no case law or other authority to suggest that such a result would be proper. In light of Petitioner's sentencing under the VWPA, the sentencing court did not improperly delegate collection of his restitution to BOP. Furthermore, the IFRP is an appropriate method for the collection thereof. *See United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008) (finding inmate participation in IFRP is voluntary and BOP may impose penalties for non-participation).

### 4. BOP Authority to Set Amount of Payments

Petitioner asserts that BOP "lacks authority to demand other than quarterly payments of $25.00 through the use of the IFRP." Petition (Doc. 1) at 5. Petitioner has not cited any authority to support such a contention. The Ninth Circuit has recognized that there is no limitation on "the authority of the BOP, through the IFRP, to offer incentives to inmates to pay their restitution obligations in larger amounts or at a faster rate than the court has required." *United States v. Lemoine*, 548 F.3d 1042, 1046 (9th Cir. 2008) (upholding court ordered restitution payments at a rate not less than $25 per quarter and BOP required repayment at the increased rate of $132 per month).

### *D. Conclusion*

Based on the foregoing, the Court finds that Petitioner's Petition (Doc. 1) is without merit and should be denied.

### III. RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order:

(1) SUBSTITUTING Filipe Martinez, Warden, as Respondent for Susan McClintock pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and Rule 43(c)(2) of the Federal Rules of Appellate Procedure; and

(2) DENYING Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1).

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from the District Court. If objections are filed, the parties should use the following case number: **CV-14-02293-TUC-CKJ**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review. The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 5th day of May, 2017.

Honorable Bruce G. Macdonald
United States Magistrate Judge